## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ET AL.,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:21CV00032 |
| v. | ) ) | **OPINION AND ORDER** |
| **WALGREEN CO.,** | ) ) | JUDGE JAMES P. JONES |
| Defendant. | ) ) | |

*Justin Lugar, Assistant United States Attorney, Roanoke, Virginia, for Plaintiff United States of America; William Clay Garrett and Caitlyn Huffstutter, Assistant Attorneys General, VIRGINIA OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Plaintiff Commonwealth of Virginia; Jonathan M. Phillips and Michael R. Dziuban, GIBSON, DUNN & CRUTCHER LLP, Washington, D.C., and Reed Brodsky, GIBSON, DUNN & CRUTCHER LLP, New York, New York, for Defendant Walgreen Co.*

In this civil case brought by the United States and Virginia alleging violations of the False Claims Act as well as state law claims, I granted the motion to dismiss by defendant Walgreen Co. ("Walgreens") and final judgment was entered in favor of Walgreens. The plaintiffs have moved for reconsideration under Federal Rule of Civil Procedure 59(e). I will deny the plaintiffs' motion.

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure "may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available

at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks and citation omitted).  "It is an extraordinary remedy that should be applied sparingly."  *Id.*  In considering Rule 59(e) motions, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued."  *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

Here, the plaintiffs contend that my Opinion and Order, ECF No. 32, rests upon clear errors of law.  I have carefully reviewed the parties' briefs and cited authorities, and I disagree.  Walgreens relies heavily upon *Pharmaceutical Research & Manufacturers of America v. Walsh*, 538 U.S. 644 (2003).  This plurality decision is readily distinguishable from the present case and does not lead to the conclusion that my prior decision is clearly erroneous.  Moreover, the plaintiffs' Motion for Reconsideration raises arguments that plainly could have been made prior to my entry of judgment.

For the foregoing reasons, it is **ORDERED** that the Motion for Reconsideration, ECF No. 40, is DENIED.

ENTER:  March 3, 2022

/s/  JAMES P. JONES
Senior United States District Judge